UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              Case No.   8:19-cr-462-T-36AEP

JOHN CINTRON MALAVE
_____/

## **ORDER**

Before the court is the Defendant's Motion to Request Furlough to Visit the Hospital and Be Present for the Birth of his Child (Doc. 17) ("Motion"), in which the Defendant requests a temporary release from his pre-trial custody.  Notably, the Defendant's Motion was filed on October 11, 2019, and requested a temporary release for October 14, 2019 to be present for the birth of his child on that date.  Clearly, the birth of a child is not a surprise, so it is difficult for the Court to understand why the Defendant waited just three days before the anticipated birth to make his request. The timing of the Motion is even more perplexing given that the Defendant appeared before the undersigned to enter a plea on October 9, 2019, just a mere two days prior to the filing of his Motion.  Further, the Defendant's Motion is devoid of any citation of authority in support of his requested relief.  Section 3142(i) does however provide that after entry of a detention order for a person awaiting trial:

> The judicial officer **may**, by subsequent order, permit the temporary release of the person, in the custody of a United

> States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for **another compelling reason**.

*Id.* (emphasis added).

The Defendant has not proffered to the Court whether the U.S. Marshal would take custody of the Defendant. Regardless, the United States Marshal Service's policies appear to prohibit transporting the Defendant as requested.[1] More significantly, as the Defendant states in his Motion, the Defendant is currently serving an underlying federal sentence. (Doc. 17 ¶ 1, stating that "the Defendant was serving his sentence at F.C.I. Butner in North Carolina until the government requested the Defendant's presence for court proceedings in the Middle District of Florida"). Thus, Section 3142(i) is not applicable because the Defendant is not simply a pre-trial detainee. He is also a federal inmate serving a federal sentence, and this Court does not have the authority to grant a temporary release in regard to the underlying federal sentence, as that authority rests with the Bureau of Prisons. *See* 18 U.S.C. 3162 (stating that *the Bureau of Prisons* may release a prisoner from the place of his imprisonment for a limited period . . .").

---

[1] *See United States Marshals Service Policy Directives, Prisoner Operations, 9.21 In-District Prisoner Movements, Section E.5.f. Deathbed Visits, Private Viewings and Other Special Situations*, which includes the following prohibition: "There will be no advance notice to the prisoner concerning the date or time of the visit." *See* https://www.usmarshals.gov/foia/directives/prisoner_operations.pdf

2

Accordingly, after careful consideration, the Defendant's Motion to Request Furlough to Visit the Hospital and Be Present for the Birth of his Child (Doc. 17) is **DENIED**.

**ORDERED** in Tampa, Florida, on October 18, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge